## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

DEBORAH G. MALLOW IRA SEP    )
INVESTMENT PLAN, Individually and    )
derivatively on behalf of CHESAPEAKE    )
ENERGY CORPORATION,    )
    )
        Plaintiff,    )
    )
vs.    )    Case No. CIV-12-436-M
    )
AUBREY K. McCLENDON,    )
RICHARD K. DAVIDSON,    )
KATHLEEN M. EISBRENNER,    )
V. BURNS HARGIS,    )
FRANK KEATING,    )
CHARLES T. MAXWELL,    )
MERRILL A. MILLER, JR.,    )
DON L. NICKLES, and    )
LOU SIMPSON,    )
    )
        Defendants,    )
    )
and    )
    )
CHESAPEAKE ENERGY    )
CORPORATION, an Oklahoma    )
Corporation,    )
    )
        Nominal Defendant.    )


CHRISTOPHER SNYDER, Individually    )
and derivatively on behalf of    )
CHESAPEAKE ENERGY    )
CORPORATION,    )
    )
        Plaintiff,    )
    )
vs.    )    Case No. CIV-12-437-M
    )
AUBREY K. McCLENDON,    )
RICHARD K. DAVIDSON,    )
KATHLEEN M. EISBRENNER,    )
V. BURNS HARGIS,    )

FRANK KEATING,                               )
CHARLES T. MAXWELL,                          )
MERRILL A. MILLER, JR.,                      )
DON L. NICKLES, and                          )
LOU SIMPSON,                                 )
                                             )
              Defendants,                    )
                                             )
and                                          )
                                             )
CHESAPEAKE ENERGY                            )
CORPORATION, an Oklahoma                     )
Corporation,                                 )
                                             )
              Nominal Defendant.   )


DOLEZAL FAMILY LIMITED                       )
PARTNERSHIP, Derivatively on Behalf          )
of Nominal Defendant CHESAPEAKE              )
ENERGY CORP.,                                )
                                             )
              Plaintiff,                     )
                                             )
vs.                                          )        Case No. CIV-12-477-M
                                             )
AUBREY K. McCLENDON,                         )
RICHARD K. DAVIDSON,                         )
KATHLEEN M. EISBRENNER,                      )
V. BURNS HARGIS, FRANK                       )
KEATING, CHARLES T. MAXWELL,                 )
MERRILL A. MILLER, JR., DON L.               )
NICKLES, and LOUIS A. SIMPSON,               )
                                             )
              Defendants,                    )
                                             )
and                                          )
                                             )
CHESAPEAKE ENERGY CORP.,                     )
                                             )
              Nominal Defendant.   )

BRIAN F. LEONARD, Individually and )
derivatively on behalf of CHESAPEAKE )
ENERGY CORPORATION, )
  )
          Plaintiff, )
  )
vs. )     Case No. CIV-12-479-M
  )
AUBREY K. McCLENDON, )
RICHARD K. DAVIDSON, )
KATHLEEN M. EISBRENNER, )
V. BURNS HARGIS, )
FRANK KEATING, )
CHARLES T. MAXWELL, )
MERRILL A. MILLER, JR., )
DON L. NICKLES, and )
LOUIS SIMPSON, )
  )
          Defendants, )
  )
and )
  )
CHESAPEAKE ENERGY )
CORPORATION, an Oklahoma )
Corporation, )
  )
          Nominal Defendant. )


JACOB SHOCHAT, Derivatively and )
on Behalf of CHESAPEAKE ENERGY )
CORPORATION, )
  )
          Plaintiff, )
  )
vs. )     Case No. CIV-12-488-M
  )
AUBREY K. MCCLENDON, RICHARD )
K. DAVIDSON, KATHLEEN M. )
EISBRENNER, V. BURNS HARGIS, )
FRANK KEATING, CHARLES T. )
MAXWELL, MERRILL A. MILLER, JR., )
DON L. NICKLES, and LOUIS A. )
SIMPSON, )

3

|                                                         |   |                          |
|---------------------------------------------------------|---|--------------------------|
|                                                         | ) |                          |
| Defendants,                                             | ) |                          |
|                                                         | ) |                          |
| and                                                     | ) |                          |
|                                                         | ) |                          |
| CHESAPEAKE ENERGY                                       | ) |                          |
| CORPORATION,                                            | ) |                          |
|                                                         | ) |                          |
| Nominal Defendant.                                      | ) |                          |

THE DAVID A. KROLL, INC.                                )
EMPLOYEES' PROFIT-SHARING PLAN   )
AND TRUST, derivatively on behalf of   )
CHESAPEAKE ENERGY                               )
CORPORATION,                                              )
                                                                         )
         Plaintiff,                                )
                                                                         )
vs.                                                                    )    Case No. CIV-12-493-M
                                                                         )
AUBREY K. MCCLENDON, RICHARD   )
K. DAVIDSON, V. BURNS HARGIS,         )
FRANK A. KEATING, BREENE M.           )
KERR, CHARLES T. MAXWELL, DON      )
L. NICKLES, FREDERICK B.                      )
WHITTEMORE, MARCUS C.                       )
ROWLAND, MICHAEL A. JOHNSON,    )
LOUIS A. SIMPSON, KATHLEEN M.       )
EISBRENNER, and MERRILL A.            )
MILLER, JR.,                                               )
                                                                         )
        Defendants,                             )
                                                                         )
and                                                                  )
                                                                         )
CHESAPEAKE ENERGY                               )
CORPORATION,                                              )
                                                                         )
        Nominal Defendant.              )

STEPHEN ROBACZYNSKI, Derivatively   )
On Behalf of Nominal Defendant                 )
CHESAPEAKE ENERGY                                 )

4

CORPORATION,                          )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )          Case No. CIV-12-501-M
                                      )
AUBREY K. MCCLENDON, RICHARD          )
K. DAVIDSON, KATHLEEN M.              )
EISBRENNER, V. BURNS HARGIS,          )
FRANK KEATING, CHARLES T.             )
MAXWELL, MERRILL A. MILLER, JR.,      )
DON NICKLES, and LOU SIMPSON,         )
                                      )
              Defendants,             )
                                      )
and                                   )
                                      )
CHESAPEAKE ENERGY                     )
CORPORATION,                          )
                                      )
              Nominal Defendant.      )


NORMAN SPIEGEL, Derivatively On       )
Behalf of Nominal Defendant           )
CHESAPEAKE ENERGY                     )
CORPORATION,                          )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )          Case No. CIV-12-502-M
                                      )
AUBREY K. MCCLENDON, RICHARD          )
K. DAVIDSON, KATHLEEN M.              )
EISBRENNER, V. BURNS HARGIS,          )
FRANK KEATING, CHARLES T.             )
MAXWELL, MERRILL A. MILLER, JR.,      )
DON NICKLES, and LOU SIMPSON,         )
                                      )
              Defendants,             )
                                      )
and                                   )
                                      )
CHESAPEAKE ENERGY                     )

5

CORPORATION,                                 )
                                             )
                    Nominal Defendant.   )


HOWARD ROSENGARTEN, Derivatively )
on Behalf of CHESAPEAKE ENERGY       )
CORPORATION,                                 )
                                             )
                    Plaintiff,               )
                                             )
vs.                                          )          Case No. CIV-12-505-M
                                             )
AUBREY K. MCCLENDON,            )
MERRILL A. MILLER, JR.,             )
DON NICKLES,                       )
CHARLES T. MAXWELL,             )
FRANK KEATING,                     )
RICHARD K. DAVIDSON,            )
V. BURNS HARGIS,                   )
KATHLEEN M. EISBRENNER,       )
LOUIS A. SIMPSON,                  )
BREENE M. KERR, and             )
FREDERICK B. WHITTEMORE,      )
                                             )
                    Defendants,              )
                                             )
and                                          )
                                             )
CHESAPEAKE ENERGY               )
CORPORATION, an Oklahoma        )
corporation,                       )
                                             )
                    Nominal Defendant.   )


ARTHUR ALBERTS, Individually and   )
derivatively on behalf of CHESAPEAKE )
ENERGY CORPORATION,             )
                                             )
                    Plaintiff,               )
                                             )
vs.                                          )          Case No. CIV-12-545-M
                                             )

6

AUBREY K. McCLENDON, RICHARD    )
K. DAVIDSON, KATHLEEN M.        )
EISBRENNER, V. BURNS HARGIS,    )
FRANK KEATING, CHARLES T.       )
MAXWELL, MERRILL A. MILLER, JR.,)
DON L. NICKLES, and LOU SIMPSON,)
                                )
           Defendants,     )
                                )
and                             )
                                )
CHESAPEAKE ENERGY               )
CORPORATION, an Oklahoma        )
Corporation,                    )
                                )
           Nominal Defendant.    )


JOEL GERBER, Derivatively on Behalf    )
of CHESAPEAKE ENERGY                   )
CORPORATION,                           )
                                       )
           Plaintiff,            )
                                       )
vs.                                    )          Case No. CIV-12-584-M
                                       )
AUBREY K. MCCLENDON, RICHARD           )
K. DAVIDSON, KATHLEEN M.               )
EISBRENNER, V. BURNS HARGIS,           )
FRANK KEATING, CHARLES T.              )
MAXWELL, MERRILL A. "PETE"             )
MILLER, JR., DON NICKLES, LOUIS A.     )
SIMPSON, BREENE M. KERR, and           )
FREDERICK B. WHITTEMORE,               )
                                       )
           Defendants,           )
                                       )
and                                    )
                                       )
CHESAPEAKE ENERGY                      )
CORPORATION, an Oklahoma               )
Corporation,                           )
                                       )
           Nominal Defendant.    )

GREG ERICKSON,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )          Case No. CIV-12-631-M
                                        )
AUBREY K. MCCLENDON,                    )
RICHARD K. DAVIDSON,                    )
V. BURNS HARGIS,                        )
FRANK KEATING,                          )
BREENE M. KERR,                         )
CHARLES T. MAXWELL,                     )
DON NICKELS,                            )
FREDERICK B. WHITTEMORE,                )
MERRILL A. MILLER, JR.,                 )
KATHLEEN M. EISBRENNER,                 )
LOUIS A. SIMPSON,                       )
                                        )
                    Defendants,         )
                                        )
and                                     )
                                        )
CHESAPEAKE ENERGY                       )
CORPORATION,                            )
                                        )
                    Nominal Defendant.  )


TIMOTHY POH, Derivatively on Behalf     )
of CHESAPEAKE ENERGY                     )
CORPORATION,                            )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )          Case No. CIV-12-743-M
                                        )
AUBREY K. MCCLENDON,                    )
BOB G. ALEXANDER,                       )
ARCHIE W. DUNHAM,                       )
V. BURNS HARGIS,                        )
VINCENT J. INTRIERI,                    )
R. BRAD MARTIN,                         )
MERRILL A. "PETE" MILLER, JR.,          )
FREDERIC M. POSES,                      )

8

LOUIS A. SIMPSON,                    )
RICHARD K. DAVIDSON,                 )
KATHLEEN M. EISBRENNER,              )
FRANK KEATING,                       )
BREENE M. KERR,                      )
CHARLES T. MAXWELL,                  )
DON NICKLES, and                     )
FREDERICK B. WHITTEMORE,             )
                                     )
                Defendants,          )
                                     )
and                                  )
                                     )
CHESAPEAKE ENERGY                    )
CORPORATION,                         )
                                     )
                Nominal Defendant.   )

## ORDER

Before the Court are plaintiff Dolezal Family Limited Partnership's ("Dolezal") Motion to Consolidate Cases and to Appoint Lead Counsel Structure with Memorandum of Law in Support and the Declaration of Matthew M. Houston in Support of Dolezal's Motion to Consolidate Cases and to Appoint Lead Counsel Structure, both filed May 1, 2012; plaintiffs Deborah G. Mallow IRA SEP Investment Plan, Christopher Snyder, and Brian F. Leonard's ("Initial Mallow Group") Cross-Motion to Consolidate All Related Cases and to Appoint Lead Counsel and in Opposition to Competing Motion to Appoint Lead Counsel, filed May 3, 2012; plaintiff Jacob Shochat's ("Shochat") (1) Cross-Motion for Consolidation of Related Cases and Appointment of Lead Plaintiff and Lead Counsel and Memorandum of Law in Support; and (2) Memorandum of Law in Opposition to: (i) Plaintiff Dolezal Family Limited Partnership's Motion to Consolidate Cases and to Appoint Lead Counsel Structure; and (ii) Plaintiffs Deborah G. Mallow IRA SEP Investment Plan, Christopher Snyder, and Brian F. Leonard's Cross-Motion to Consolidate All Related Cases and to

Appoint Lead Counsel, filed May 9, 2012; plaintiffs Deborah G. Mallow IRA SEP Investment Plan Christopher Snyder, Dolezal, Brian F. Leonard, and the David A. Kroll Inc. Employees' Profit-Sharing Plan and Trust's ("Revised Mallow Group") Response in Support of Cross-Motion to Appoint Lead Counsel and Opposition to Plaintiff Jacob Shochat's Cross-Motion for Appointment of Lead Plaintiff and Lead Counsel, filed May 16, 2012; Shochat's Reply Memorandum of Law (1) in Reply to Plaintiffs Deborah G. Mallow IRA SEP Investment Plan, Christopher Snyder, Dolezal Family Limited Partnership, Brian F. Leonard and the David A. Kroll Inc. Employees' Profit Sharing Plan and Trust Opposition to Plaintiff Shochat's Cross-Motion, and (2) in Further Support of Plaintiff Shochat's Cross-Motion for Consolidation of Related Cases and Appointment of Lead Plaintiff and Lead Counsel, filed May 30, 2012; plaintiff Greg Erickson's ("Erickson") Motion to Consolidate and Appoint Lead Counsel with Memorandum of Law in Support and Declaration of Darren Derryberry in Support of Plaintiff Greg Erickson's Motion to Consolidate and Appoint Lead Counsel, both filed June 28, 2012; plaintiff Joel Gerber's Support of Plaintiff Greg Erickson's Motion to Consolidate and Appoint Lead Counsel, filed June 28, 2012; plaintiffs Deborah G. Mallow IRA SEP Investment Plan, Christopher Snyder, Dolezal, Brian F. Leonard, the David A. Kroll Inc. Employee's Profit-Sharing Plan and Trust, and Norman Spiegel's Opposition to Plaintiff Greg Erickson's Motion to Appoint Lead Counsel, filed July 5, 2012; and Shochat's Memorandum of Law in Opposition to Plaintiff Erickson's Motion to Consolidate and Appoint Lead Counsel, filed July 5, 2012.

I.     Introduction

The twelve above-captioned actions (the "Derivative Actions") were filed by shareholders of Chesapeake Energy Corporation ("Chesapeake") derivatively on behalf of Chesapeake.  The

Derivative Actions all allege that various officers and directors of Chesapeake breached their fiduciary duties to Chesapeake and its shareholders in permitting material disclosure violations. Each Derivative Action seeks to ensure that any damages suffered by Chesapeake by reason of these alleged violations and other alleged fiduciary breaches are borne by the individual defendants and not by Chesapeake and its shareholders.  The Derivative Actions all allege that demand on Chesapeake's Board of Directors would be futile and is, therefore, excused.

Due to the substantial overlap of common issues of fact and law, as well as the similarity of the defendants named in each of the Derivative Actions, various plaintiffs have moved to consolidate the Derivative Actions.  These various plaintiffs have also moved for the appointment of different lead counsel for the consolidated derivative action.  Finally, Shochat has moved to be appointed lead plaintiff in the consolidated derivative action.

II.     Discussion

A.     Consolidation of related cases

Federal Rule of Civil Procedure 42(a) gives a court broad discretionary authority to consolidate cases.  Rule 42(a) provides, in pertinent part: "If actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions; . . . ." Fed. R. Civ. P. 42(a)(2).  Having carefully reviewed the Complaints in the Derivative Actions, as well as the parties' submissions, the Court finds that consolidation of the Derivative Actions is appropriate because each of the Derivative Actions arise from similar allegations against similar defendants involving common questions of law and fact.[1]  The Court further finds that consolidation of the

---

[1]The Court would note that no plaintiff has objected to consolidating the Derivative Actions.

Derivative Actions achieves convenience and economy in the administration of justice and ensures that the overall litigation, brought for the benefit of Chesapeake, is resolved in the most cost-effective manner for Chesapeake.  Additionally, to ensure continued judicial efficiency, the Court finds that any future shareholder derivative actions based on the same or similar facts and circumstances should be consolidated with the consolidated derivative action.

B.    Appointment of lead plaintiff

Shochat has moved to be appointed lead plaintiff for the consolidated derivative action. Shochat asserts that appointment of a lead plaintiff is necessary to supervise the attorneys and direct the course of the litigation.  The Revised Mallow Group asserts that there is no statutory or procedural requirement that a lead plaintiff be appointed in derivative actions and that there is no need to appoint a lead plaintiff in this consolidated derivative action.

"There is no statutory authority, such as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub.L. 104-67, 109 Stat. 737 (1995), which *requires* the Court to appoint a lead plaintiff in a shareholder derivative action." *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 (NGG)(RER), 2006 WL 3761986, at *1 (E.D.N.Y. Sept. 22, 2006) (emphasis in original).

> Although some district courts have appointed lead plaintiffs in consolidated derivative actions, others have declined to do so and have appointed lead counsel only.  *See, e.g., In re Comverse Tech., Inc. Derivative Litig.*, 2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006); *Gallardo v. Bennett*, 2006 WL 2884497 (N.D. Cal. Oct. 10, 2006). As explained in *In re Comverse*, because a plaintiff in a derivative action is bringing claims on behalf of a company, it is unclear what benefits there are to appointing a lead plaintiff, especially when lead counsel is appointed.

*Sparano v. Lief*, Nos. 10cv2079 BTM(BLM), 10cv2132 BTM(BLM), 10cv2344 BTM(BLM), 2011 WL 830109, at *2 (S.D. Cal. Mar. 3, 2011).

Having carefully reviewed the parties' submissions, and in light of the fact that lead counsel will be appointed, the Court finds that the appointment of a lead plaintiff in this consolidated derivative action is unnecessary. The Court, therefore, will exercise its discretion and not appoint a lead plaintiff.

  C.  <u>Appointment of lead counsel</u>

In its motion, Dolezal seeks the appointment of Harwood Feffer LLP ("Harwood Feffer") as lead counsel and Delluomo & Crow as liaison counsel. In its cross-motion, the Initial Mallow Group seeks the appointment of Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") and Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier") as co-lead counsel and Holloway, Bethea & Osenbaurg, PLLC as liaison counsel. However, in its reply, the Revised Mallow Group seeks the appointment of Lovell Stewart, Abbey Spanier, and Harwood Feffer as co-lead counsel. In his motion, Shochat seeks the appointment of Kahn, Swick & Foti ("KSF") as lead counsel and Strong, Martin & Associates PLLC as local counsel. Finally, in his motion, Erickson seeks the appointment of Robbins Umeda LLP ("Robbins Umeda"), Holzer Holzer & Fistel, LLC ("Holzer Firm"), and Johnson & Weaver, LLP ("Johnson & Weaver") as co-lead counsel and Derryberry & Naifeh LLP as liaison counsel.

"The decision regarding appointment of Lead Counsel is within the discretion of the Court. The principle that guides the Court's decision is which counsel will best serve the interest of the plaintiffs." *Horn v. Raines*, 227 F.R.D. 1, 3 (D.D.C. 2005) (internal citations omitted). In making this determination, courts have considered a variety of factors, including: (1) the quality of the

pleadings; (2) the vigorousness of the prosecution of the lawsuits; (3) the capabilities of counsel, such as the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, counsel's knowledge of the applicable law, and the resources that counsel will commit to representing the class.  *See Moradi v. Adelson*, Nos. 11-cv-00490-GMN-RJJ, 11-cv-00595-GMN-RJJ, 11-cv-00636-GMN-RJJ, 2011 WL 5025155, at *2 (D. Nev. Oct. 20. 2011); *Sparano*, 2011 WL 830109, at *2; *Horn*, 227 F.R.D. at 3.

Having carefully reviewed the parties' submissions, the Court finds that all of the law firms have significant experience in serving as lead counsel in derivative and class actions and have a history of obtaining favorable results.  Further, all of the firms have the resources and expertise to fulfill the role as lead counsel in this action.  Additionally, the Court finds that the quality of the pleadings filed in these cases, while some slightly better than others, does not favor one firm over the other.[2]  Further, the Court finds that any unique information included, or cause of action asserted, in any one complaint can easily be incorporated into a consolidated amended complaint, regardless of who is appointed lead counsel.[3]  *See In re Bank of Am. Corp. Sec., Derivative & "ERISA" Litig.*, 258 F.R.D. 260, 273 (S.D.N.Y. 2009).

The Court also finds that the Lovell Stewart, Abbey Spanier, Harwood Feffer, and KSF firms have vigorously prosecuted these Derivative Actions, although the Court might question whether

---

[2]The Court would note that, with the exception of those pleadings filed by KSF, a number of pleadings have been stricken by the Court based upon counsel's failure to follow the Court's rules.

[3]The Court would, however, note that by filing an amended complaint in the Erickson case, Erickson and his counsel have potentially limited Erickson's ability to further amend his complaint, to the possible detriment of Chesapeake and its shareholders.

the motions for preliminary injunction should have been filed.  The Erickson case, by contrast, was filed one and a half months after the Mallow case was filed, and Erickson's motion to consolidate and appoint lead counsel was not filed until June 28, 2012, approximately one week after the Court denied counsel's motion to lift the stay in the Arnold and Clem actions.[4]

The Revised Mallow Group and Erickson both seek the appointment of three law firms to serve as co-lead counsel; whereas, Shochat seeks the appointment of a single law firm to serve as lead counsel.

> In certain situations, the appointment of multiple lead counsel may better protect the interests of the plaintiff class.  Where a single firm lacks the resources or expertise to prosecute an action, for example, the approval of multiple lead counsel may expedite litigation. . . . However, . . . the appointment of several firms as lead counsel can raise a number of concerns, including . . . duplication of efforts, absence of coordination, delay and increased fees and costs.

*In re Milestone Scientific Sec. Litig.*, 187 F.R.D. 165, 176 (D.N.J. 1999) (internal citations omitted). Additionally, "the approval of several lead counsel may precipitate friction and a lack of coordination among counsel."  *Id.* at 178.

While appointment of several firms as lead counsel may at times promote effective management of a consolidated derivative action, the Court finds that this is not such a case.  Neither the Revised Mallow Group nor Erickson has demonstrated how the possible benefits derived from appointing three lead counsel outweigh the likely complications, inefficiencies, and waste associated with the appointment of three law firms as co-lead counsel.  Having reviewed the parties'

---

[4]The stayed actions are *M. Lee Arnold v. McClendon, et al.*, Case No. CIV-11-985-M and *James Clem v. McClendon, et al.*, Case No. CIV-11-997-M.

submissions, the Court finds that the appointment of three law firms as co-lead counsel is ripe for wasteful, duplicative work-product, excessive billing, and internal conflicts.

In fact, the motions filed by Lovell Stuart, Abbey Spanier, and Harwood Feffer in these cases have demonstrated their inability to work efficiently and produce consistent and coherent legal documents. In its cross-motion, the Initial Mallow Group argued that the Harwood Feffer firm's conduct bared its appointment as lead counsel because that firm made a secretive and improper motion for consolidation and to appoint lead counsel which violated several rules. However, after Lovell Stuart and Abbey Spanier united with Harwood Feffer to oppose Shochat's motion, the Revised Mallow Group changed its position regarding the Harwood Feffer firm's conduct in filing its original motion, providing absolutely no explanation for its change in position, and argued against Shochat's reference to the prior argument that Dolezal's motion was improper, without even acknowledging that it was the Initial Mallow Group that made the argument in the first place. Further, in its cross-motion, the Initial Mallow Group specifically argued that there was no justification for adding the Harwood Feffer firm as an additional lead counsel.

Additionally, the Court is concerned by the relationship between John Halebian, counsel at Lovell Stewart, and Harwood Feffer, which is referenced in Shochat's reply. Mr. Halebian is currently lead plaintiff in a shareholder action, in which he is represented by Harwood Feffer and which is still pending in New York federal court. Thus, the Revised Mallow Group is proposing for lead counsel two attorneys who stand in a lawyer-client relationship to each other.

The Court is also troubled by the timing of Erickson's motion to consolidate and appoint lead counsel. Robbins Umeda and the Holzer Firm are counsel in the 2011 derivative actions brought by Mr. Arnold and Mr. Clem that have been stayed by this Court. Robbins Umeda and the Holzer

Firm previously sought to lift the stay in the Arnold and Clem cases and to consolidate those actions with the Derivative Actions and to be appointed lead counsel. On June 20, 2012, this Court denied the motion to lift stay. Approximately one week later, Erickson filed his motion to consolidate and to appoint Robbins Umeda, the Holzer Firm, and Johnson & Weaver as lead counsel. The timing of Erickson's filing suggests that the filing was a tactical maneuver by Robbins Umeda and the Holzer Firm to avoid the Court's ruling in the Arnold and Clem cases and have a second chance to be appointed lead counsel.

Therefore, for the reasons set forth above, the Court finds that KSF should serve as lead counsel and Strong, Martin & Associates PLLC should serve as local counsel in this consolidated derivative action.

III.     Conclusion

Accordingly, the Court DENIES Dolezal's Motion to Consolidate Cases and to Appoint Lead Counsel Structure [docket no. 7 in Case No. CIV-12-477-M], DENIES the Initial Mallow Group's Cross-Motion to Consolidate All Related Cases and to Appoint Lead Counsel [docket no. 15 in Case No. CIV-12-436-M], DENIES Erickson's Motion to Consolidate and Appoint Lead Counsel [docket no. 15 in Case No. CIV-12-631-M], and GRANTS IN PART and DENIES IN PART Shochat's Cross-Motion for Consolidation of Related Cases and Appointment of Lead Plaintiff and Lead Counsel [docket no. 7 in Case No. CIV-12-488-M] as follows: the Court GRANTS Shochat's cross-motion for consolidation of related cases and appointment of lead counsel and DENIES Shochat's

motion for appointment of lead plaintiff.  The Court will issue a separate order consolidating the related cases and appointing lead counsel.

**IT IS SO ORDERED this 13th day of July, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE